## Commonwealth, Appellant, v. Brenneman.

Submitted March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Alan B. McFall,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellant.

*Mark S. Refowich,* and *Fishbone & Refowich,* for appellee.

OPINION BY CERCONE, J., September 22, 1975:

This is an appeal by the Commonwealth from the pretrial order of the court below suppressing evidence seized from the automobile of Ronald G. Brenneman, the appellee, following his arrest. Since the order of suppression will terminate the prosecution, the Commonwealth's

appeal is permissible. *Commonwealth v. Bosurgi*, 411 Pa. 56 (1963).

The operative facts are as follows:

On May 26, 1974, auxiliary policeman Thomas Donio of the Borough of Hellertown, Northampton County, observed the appellee operating his vehicle at a speed Donio considered too fast for conditions. Based on this violation Donio pursued the vehicle. While in the process of stopping the vehicle, Donio observed the appellee place a bottle underneath the driver's seat. Donio then called for the assistance of a full-time police officer who questioned the appellee. Upon being informed by appellee that he had placed a bottle of wine underneath the seat, the officer informed appellee and his passenger that they were being charged with under-age possession of an alcoholic beverage. While being detained at police headquarters the appellee gave written consent to search his automobile. The subsequent search resulted in the seizure of a bottle of wine and slightly less than one ounce of marijuana. The appellee was then arraigned for possession of a controlled substance and under-age drinking.

The novel issue presented by this appeal is to determine under what circumstances an auxiliary policeman can perform regular police functions.

The Act of January 14, 1952, P.L. (1951) 2016, 53 P.S. §§ 731-737, is the sole authority for a municipality seeking to supplement its police force with auxiliary police. Section 2 of the Act, 53 P.S. §732, provides that the chief of police may nominate persons as auxiliary policemen, but all nominees are to be confirmed and sworn in by the Mayor or burgess.

The other pertinent sections of the Act provide as follows:

"§734. *Calling to active duty*

The mayor of any city, the burgess of any borough or town, and the chairman of commissioners or supervisors of any township, may call the auxiliary police

to active duty during any period of distress, disaster or emergency, except in cases of labor disturbances.

"§735. *Powers*

(a). Auxiliary policemen on active duty shall have the same powers as regular police officers of the municipality in which they are serving, and shall perform such other duties as may be assigned to them by the chief of police.

(b) Auxiliary policemen when on active duty in a municipality other than one in which appointed shall have the same powers in such municipality as regular police officers thereof.

(c) The powers herein conferred may be exercised by auxiliary policemen only after they report for active duty and until they are relieved from duty."

The Commonwealth concedes that on the day in question auxiliary Officer Donio had not been called to active duty by the burgess due to a "period of distress, disaster or emergency. . . ." 53 P.S. §734. The court below, relying on the decision in *Commonwealth v. Ward*, 91 August Term, 1973, Criminal Division, Northampton County C.P. (PALMER, P.J., 1974), held that the contraband, the wine and marijuana, be suppressed because Donio did not have legal authority to arrest the appellee. We agree.

The Commonwealth argues that the statute does not preclude the chief of police from utilizing the auxiliary police for the performance of every-day police functions. The Commonwealth has failed to cite any authority for this position nor has our research disclosed any. On the contrary, our analysis of the Act leads us to conclude that it was intended only to permit the utilization of auxiliary policemen as a supplement to the regular police force, and then only after they have been activated by the mayor or burgess due to a period of distress, disaster or emergency in the community.

As previously noted, this Act, 53 P.S. §§ 731-737, supra, is the sole authority for the creation and utilization

of auxiliary policemen. This statutory authorization is completely devoid of any indication that the chief of police has the power to utilize auxiliary policemen in the performance of regular police duties other than when the mayor or burgess has activated them pursuant to Section 4 (53 P.S. § 734) of the Act.

Since the appellee was arrested by an auxiliary police officer who was not then on active duty pursuant to a period of distress, disaster or emergency, the arrest was illegal.

Accordingly, the order of the court below is affirmed.

DISSENTING OPINION BY PRICE, J.:

I dissent for the reasons set forth in my dissenting opinion in *Commonwealth v. Ward*, 235 Pa. Superior Ct. 550, 557, 344 A.2d 650, 653 (1975).

WATKINS, P. J., joins in this dissenting opinion.